**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Oct 09 2014, 8:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. CLERC**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN W. HAYES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A04-1405-CR-221 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1310-FA-5805

**October 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

John W. Hayes pleaded guilty to Dealing in Methamphetamine as a class B felony[1] and was sentenced to nineteen years imprisonment with one year suspended. On appeal, Hayes challenges his sentence in two respects:

1. Did the trial court abuse its discretion in failing to consider his guilty plea and remorse as significant mitigating factors?

2. Is the sentence imposed inappropriate?

We affirm.

On October 27, 2013, Officer John Searle of the Columbus Police Department conducted a traffic stop on a vehicle driven by Hayes for a window-tint violation and because the vehicle's registered owner had a suspended license. Officer Searle identified the driver as Hayes and verified that his license was suspended. Officer Searle conducted a pat-down search of Hayes and discovered a glass pipe used to ingest controlled substances in Hayes's left pocket. Officer Searle arrested Hayes. Officer Searle then searched Hayes's coat and found a plastic baggie containing a green plant material that field-tested positive for marijuana.

During an inventory search of Hayes's vehicle, Officer Searle found a zippered case under the driver's seat that contained two bags of white-colored, rock-like substance that field-tested positive for methamphetamine. The amount of methamphetamine recovered was later determined to be approximately fifty-five grams. Also located in the

[1] *See* Ind. Code Ann. § 35-48-4-1.1 (West, Westlaw 2012). The version of this statute in effect at the time this offense was committed classified the crime of dealing in methamphetamine, to which Hayes pleaded guilty, as a class B felony. This statute has since been revised and in its current form reclassifies the offense as a Level 5 felony. (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed on October 27, 2013, it retains the former classification.

zippered case were a digital scale with a white powder residue on it, empty plastic bags, and q-tips. Officer Searle also recovered from the zippered case two plastic bags containing small, circular pills, some of which were later identified as containing Oxycodone, a controlled substance. Hayes eventually admitted to Officer Searle that he was a methamphetamine user and that he had obtained the methamphetamine from some Mexicans. Also discovered in Hayes's possession was $3235 in cash.

On October 29, 2013, the State charged Hayes with dealing in methamphetamine as a class A felony, possession of a controlled substance as a class D felony, possession of marijuana as a class A misdemeanor, and possession of paraphernalia as a class A misdemeanor. On February 20, 2014, Hayes entered into a plea agreement with the State whereby Hayes agreed to plead guilty to the lesser crime of dealing in methamphetamine as a class B felony, and in exchange the State agreed to dismiss the remaining charges, as well as petitions to revoke probation in two other causes. The trial court accepted Hayes's guilty plea during a hearing held on March 17, 2014.

The trial court held a sentencing hearing on April 24, 2014. The trial court found no mitigating circumstances and several aggravating circumstances, and thereafter sentenced Hayes to nineteen years imprisonment with one year suspended to probation. Hayes now appeals.

1.

Hayes argues that the trial court abused its discretion when it failed to consider his guilty plea and remorse as mitigating factors. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on*

3

*reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (*quoting K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482.

An allegation that the trial court failed to identify a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Felder v. State,* 870 N.E.2d 554 (Ind. Ct. App. 2007). A trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight, or significance. *Rogers v. State,* 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied.* We acknowledge that a defendant who pleads guilty deserves to have at least some mitigating weight extended to the guilty plea in return. *Lavoie v. State*, 903 N.E.2d 135 (Ind. Ct. App. 2009). It has been observed, however, that "a guilty plea does not rise to the level of significant

4

mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Id.* at 143 (quoting *Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*).

In Hayes's case, the evidence of guilt was overwhelming. Therefore, his decision to plead guilty was likely a pragmatic one. Moreover, by pleading guilty, Hayes received a substantial benefit in that he pleaded guilty to a lesser included offense of the most serious charge he was facing and the State dismissed the remaining charges as well as two separate petitions to revoke probation. Under these circumstances, Hayes's guilty plea does not merit significant mitigating weight. The trial court did not abuse its discretion in this regard.

We also conclude that the trial court did not abuse its discretion in failing to consider Hayes's remorse as a significant mitigating factor. Although Hayes made a statement on his own behalf during the sentencing hearing, Hayes fell short of expressing remorse for his actions. In his appellant's brief, Hayes equates a plea of guilty with an expression of remorse. As we noted above, Hayes's guilty plea was likely a pragmatic decision from which he received a substantial benefit, not an expression of remorse that warrants consideration as a significant mitigating factor.

2.

Hayes argues that his sentence is inappropriate. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this

court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Per Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State,* 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied.* "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State,* 895 N.E.2d at 1223. Hayes bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073 (Ind. 2006).

The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d at 1224. "[T]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

With regard to the nature of the offense, we note that Hayes was in possession of a pipe used for ingesting controlled substances, a baggie of marijuana, fifty-five grams of methamphetamine, a scale, empty plastic bags, q-tips, and multiple tablets of Oxycodone, in addition to $3235 in cash. Hayes initially claimed that he had obtained the methamphetamine from Mexicans, but later claimed that he received it instead of cash as payment for work he had done. The nature of the offense does not warrant a lesser sentence.

6

We now consider Hayes's character. Hayes has an extensive criminal history that began when he was a juvenile and spans nearly twenty-eight years. The instant case was Hayes's sixth felony conviction and his ninth total conviction. His criminal history includes multiple convictions for drugs. Further, Hayes was on probation at the time of the instant offense, having been released from prison three and a half months prior to his arrest in this case. The record reflects that Hayes has been offered substance-abuse treatment at least three times outside a penal facility and has failed to take advantage of such services. In the past, Hayes has been afforded multiple opportunities with probation and community supervision. Hayes has numerous violations of pre-trial, probation, and community correction supervisions. Contrary to Hayes's claim in his brief that he is a model inmate, the pre-sentence investigation report notes that Hayes has violated the rules of the Bartholomew County Jail since being incarcerated on the current offense, which resulted in a loss of privileges. Finally, while Hayes claims he was clean from drugs for four months, as soon as he interjected himself into a situation with an acquaintance, he admits that he gave in to peer pressure and began using methamphetamine again. Hayes's character, as reflected by his extensive criminal history and failure to conform to the rules of society, supports the nineteen-year sentence imposed by the trial court.

Hayes has failed to establish that the nineteen-year sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.

7