Terry J. **BRATTAIN**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 73A01–0204–CR–153.

Court of Appeals of Indiana.

Nov. 4, 2002.

Russell A. Johnson, Johnson Gray & Macabee, Franklin, IN, Joseph M. Cleary,

Hammerle & Allen, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Terry J. Brattain appeals the trial court's denial of his motion to correct an erroneous sentence. Brattain raises one issue which we restate as whether the trial court abused its discretion by denying his request for credit for time served while he was on work release and under house arrest as a condition of probation. We affirm.

The facts most favorable to the trial court's judgment follow. On February 10, 1998, the State charged Brattain with possession of cocaine as a class A felony and possession of marijuana as a class D felony. Brattain pleaded guilty to possession of cocaine as a class C felony. The trial court sentenced Brattain to four years in the Indiana Department of Correction with four years suspended and placed Brattain on probation. The trial court gave Brattain "credit for 10 days in custody and 10 days good time." Appellant's Appendix at 26. As a condition of his probation, the trial court required Brattain to serve ninety days of work release in the Shelby County jail and 180 days of house arrest following the work release.

On July 5, 2000, the Shelby County Probation Department filed a petition to revoke Brattain's probation based upon the allegation that Brattain committed one count of robbery and two counts of theft. Brattain admitted to violating the terms of his probation. On June 22, 2001, the trial court ordered Brattain to serve two years

of his previously suspended sentence. The trial court did not award Brattain any credit for time in custody or good time credit. On March 1, 2002, Brattain filed a request for credit for time served. Brattain alleged that the trial court "previously sentenced and ordered [Brattain] to ninety (90) days of work release which [had] already been served and an excess of one hundred eighty days of home detention." *Id.* at 49. Brattain requested "Class I Credit Time for the work release sentence already served and Class III credit time for any and all home detention time." *Id.* at 50. The trial court denied Brattain's request.

■ The sole issue is whether the trial court abused its discretion by denying Brattain's request for credit for time served while he was on work release and under house arrest as a condition of probation. Brattain's request is tantamount to a motion to correct erroneous sentence. When reviewing the trial court's decision on such a motion, we "defer to the trial court's factual finding" and review such decision "only for abuse of discretion." *Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind.2000), *reh'g denied.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Myers v. State*, 718 N.E.2d 783, 789 (Ind.Ct.App. 1999). However, we will "review a trial court's legal conclusions under a de novo standard of review." *Mitchell*, 726 N.E.2d at 1243.

Initially, the State argues that Brattain failed to present a sufficient record on appeal because the record contains no evidence of Brattain's actual time served on work release and under house arrest.[1] Brattain alleged in his petition that the trial court "previously sentenced and ordered [Brattain] to ninety (90) days of work release which [had] already been served and an excess of one hundred eighty days of home detention." Appellant's Appendix at 49. However, Brattain did not present any documentation of the actual time served on work release and under house arrest. Likewise, we have no indication in the record of his actual time served.

■ "It is Appellant's duty to present an adequate record clearly showing the alleged error. Where he fails to do so, the issue is deemed waived." *Thompson v. State*, 761 N.E.2d 467, 471 (Ind.Ct.App. 2002). We have previously held that a defendant may waive a claim of entitlement to credit for time served by failing to present us with sufficient information to determine the issue. *Id.* Here, Brattain failed to present any documentation to the trial court that he was entitled to credit for time served. Likewise, he failed to present an adequate record showing that the trial court erred by denying his request for credit time. Thus, he failed to meet his burden of demonstrating that the trial court abused its discretion by denying his request for credit for time served. *See, e.g., Gardner v. State*, 678 N.E.2d 398, 401 (Ind.Ct.App.1997) (holding that the defendant did not meet his burden of demonstrating that the trial court erred by denying his request for credit time where there was no evidence upon the record of the defendant being incarcerated during the pertinent dates or the reason for which he may have been incarcerated).

1. The State also argues that Brattain failed to present an adequate record on appeal because the record does not contain the trial court's order denying Brattain's request for credit time. However, the chronological case summary indicates that the trial court denied Brattain's motion. Thus, Brattain presented sufficient evidence of the trial court's denial of his motion.

Brattain argues that to adopt the State's position would be to unnecessarily "encumber the record because court orders and abstracts could no longer be trusted." Appellant's Reply Brief at 1. We disagree. Our decision does not call court orders and abstracts into question. Rather, our decision simply requires defendants to submit sufficient evidence to demonstrate that they are entitled to the credit time requested.

■ Moreover, even assuming that Brattain had submitted sufficient evidence to demonstrate that he was entitled to ninety days of credit for time served on work release and 180 days of credit for time served on house arrest, his argument fails. Brattain argues that the trial court abused its discretion by denying his request for an application of the credit for time served to his two-year executed sentence.[2] The State concedes that Brattain is entitled to credit for time served in the amount of 270 days. *See, e.g., Senn v. State,* 766 N.E.2d 1190, 1202 (Ind.Ct.App. 2002) (holding that a probationer is entitled to credit for time served in a work release program), *reh'g denied;* Ind.Code § 35–38–2.5–5(e) (2001 Supp.) ("A person confined on home detention as a condition of probation earns credit for time served."). However, the State argues, that:

> If these 270 days are applied to the original four-year suspended sentence, [Brattain] is left with a term of imprisonment of 1,190 days, or well over three years. Here, the trial court imposed

only two-years of the previously suspended sentence. Thus, even if the time served on house arrest and on work release is added to the executed two-year sentence, it will not exceed the total sentence imposed. As such, [Brattain] cannot say that he has been denied credit for the time served while on probation.

Appellee's Brief at 4–5. We agree.

If the trial court finds that a defendant has violated a condition of his or her probation before termination of the probationary period, the trial court may "order execution of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35–38–2–3 (2001 Supp.). However, "a trial court's sentencing authority is only that which is conferred by the legislature, and it does not possess the power to impose sentences beyond the statutorily prescribed parameters." *Weaver v. State,* 725 N.E.2d 945, 948 (Ind.Ct.App.2000). Similarly, Brattain's total sentence may not exceed his original four-year sentence. However, as the State points out, the trial court did not impose the full four-year sentence. Rather, the trial court only imposed two years of the sentence. Thus, even considering the previously imposed credit, the credit for time served on work release, the credit for time served on house arrest, and the two-year sentence, the total four-year sentence has not yet been exceeded. Brattain has not yet been denied his credit for time served on the work release and house arrest. Accordingly, the trial court did not abuse its

---

**2.** In his request for credit for time served, Brattain also requested "Class I Credit Time for the work release sentence already served and Class III credit time for any and all home detention time." Appellant's Appendix at 50. Class I credit time and class III credit time refer to good time credit, not credit for time served. *See* Ind.Code §§ 35–50–6–1 to–7 (1998 & 2001 Supp.); *see also Purcell v. State,*

721 N.E.2d 220, 222–223 (Ind.1999) (distinguishing between credit for time served and good time credit and noting that "Ind.Code § 35–50–6 sets forth the procedures for earning good time credit; it does not address credit for time served"), *reh'g denied.* However, on appeal, Brattain clarifies that he is not entitled to and is not requesting good time credit.

discretion by denying Brattain's request for credit for time served. *See, e.g., Blanton v. State,* 754 N.E.2d 7, 9 (Ind.Ct.App. 2001) (holding that the trial court did not err by denying the defendant's request for pretrial credit time), *trans. denied.*

For the foregoing reasons, the trial court's judgment is affirmed.

Affirmed.

FRIEDLANDER, J., and NAJAM, J., concur.