**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**STEVE PIGG**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jan 31 2013, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVE PIGG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 52A05-1205-CR-318 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Robert A. Spahr, Judge
Cause No. 52C01-9011-CF-84

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Steve Pigg ("Pigg") appeals the denial of his motion to correct erroneous sentence. He raises the following restated issue for our review: whether the trial court abused its discretion when it denied his motion on the basis of res judicata.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 18, 1991, after pleading guilty to two counts of murder, Pigg was sentenced to forty-five years on one count and thirty-five years on the second count to be served consecutively for a total of eighty years. The trial court also assessed a $10,000 fine for each of the murder convictions, but stated that the fine would be suspended if Pigg placed a like amount in a trust fund for the benefit of the children of one of the victims. At the time of sentencing, Pigg was a minor and was under a guardianship. On April 30, 1993, the trial court granted Pigg's guardian's motion to terminate the guardianship because Pigg had reached the age of eighteen. The trial court further ordered that before any of the guardianship funds were released to Pigg, the sum of $20,000 of those funds was to be placed in a restricted account for disposition upon further order of the court.

On May 6, 1993, Pigg filed a petition for post-conviction relief, in which he challenged the propriety of the $20,000 fine. The petition was denied on April 5, 1994, and the denial was upheld on appeal by a panel of this court under cause number 52A02-9408-PC-460. On June 25, 1998, Pigg filed a motion to correct erroneous sentence, where he once again challenged the propriety of the $20,000 fine. The trial court denied his motion on July 1, 1998, finding the claim barred by res judicata. The ruling was

2

affirmed by this court under cause number 52A02-9808-PC-707. On April 4, 2012, Pigg filed another motion to correct erroneous sentence, in which he again challenged the propriety of the trial court's ruling ordering the payment of the $20,000. The trial court denied Pigg's motion on the basis of res judicata. Pigg now appeals.

## DISCUSSION AND DECISION

Pigg argues that the trial court abused its discretion when it denied his motion to correct erroneous sentence and found that his claims were barred by res judicata. When reviewing a trial court's decision to deny a motion to correct an erroneous sentence, we defer to the trial court's factual findings and review such decision for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007) (citing *Brattain v. State,* 777 N.E.2d 774, 776 (Ind. Ct. App. 2002)). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* However, the trial court's legal conclusions are reviewed under a de novo standard of review. *Id.*

The doctrine of res judicata prevents the repetitious litigation of disputes that are essentially the same. *Wright v. State*, 881 N.E.2d 1018, 1021 (Ind. Ct. App. 2008) (citing *Collins v. State,* 873 N.E.2d 149, 157 (Ind. Ct. App. 2007), *trans. denied*), *trans. denied*. The principle of res judicata is divided into two branches: claim preclusion and issue preclusion. *Id.* at 1022. Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Id.* (citing *Afolabi v. Atlantic Mortg. & Inv. Corp.,* 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006)). Thus, one cannot escape the

3

effect of claim preclusion merely by using different language to phrase an issue and define an alleged error. *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000) (citing *Maxey v. State,* 596 N.E.2d 908, 911 (Ind. Ct. App. 1992)), *cert. denied*, 532 U.S. 849 (1997).

Here, Pigg is challenging the propriety of the $20,000 fine imposed at his 1991 sentencing. However, he has previously raised challenges to that fine in two other petitions. In 1993, he filed a petition for post-conviction relief in which he challenged the propriety of the $20,000 fine. He again raised the same challenge in his 1998 motion to correct erroneous sentence. Each time, the trial court denied his petition and such denials were upheld by this court. In fact, the denial of his 1998 motion was on the basis of res judicata. We conclude that Pigg's present challenge to the fine imposed by the trial court is also barred by res judicata. Pigg's attempt to raise somewhat different contentions regarding why he believes the fine was improper does not save his claim. "A party may not try his case endlessly and piecemeal. There must be an end to litigation at some point." *State v. Gurecki*, 247 Ind. 218, 223, 214 N.E.2d 392, 394 (1966). This is Pigg's third challenge to the same part of his sentence. We, therefore, conclude that the trial court did not abuse its discretion when it denied Pigg's motion and found it barred by res judicata.

Further, the denial of Pigg's motion was proper because a motion to correct erroneous sentence was not the correct procedure to challenge the trial court's imposition of the $20,000 fine. Use of the motion to correct erroneous sentence is appropriate only when the sentence is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). It should be narrowly confined to claims apparent from the face of the

sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied. *Id*. at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id*. "When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable." *Id*.

Here, Pigg made three claims against the trial court's imposition of the $20,000 fine. Two of those claims mention a hold that the trial court placed on Pigg's funds. However, the actual sentencing order did not make any reference to a hold on the funds at issue; instead, the trial court only imposed a $10,000 fine for each conviction and stated that the fine would be suspended if the same amount of money was placed in a trust for the victim's children. *Appellant's App*. at 23. Therefore, the claims are referencing something not on the face of the sentencing order. The third claim challenged the authority that another individual may or may not have over Pigg's funds. Again, to fully address that claim, it would be necessary to consider things outside the face of the sentencing order to demonstrate the guardianship relationship. None of Pigg's claims were able to be reached without consideration of material outside the face of the sentencing order, and a motion to correct erroneous sentence was therefore not the appropriate procedure. The trial court properly denied Pigg's motion to correct erroneous sentence.

Affirmed.

MATHIAS, J., and CRONE, J., concur.