**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT, PRO SE:

**DIETRICH D. SMITH, JR.**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DIETRICH D. SMITH, JR.,     )
    )
    Appellant-Defendant,     )
    )
    vs.     )     No. 45A05-1401-CR-31
    )
STATE OF INDIANA,     )
    )
    Appellee-Plaintiff.     )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1109-FA-47

**May 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

Dietrich D. Smith ("Smith"), *pro se*, appeals the amount of pretrial and earned credit time that should have been applied to his sentence by the Department of Correction ("DOC"). However, because the record in this case is inadequate for our determination of the issue, it is waived and we dismiss this appeal.

Dismissed.

ISSUE

Whether the DOC properly applied the awarded pretrial and earned credit time Smith's sentence.

FACTS

On September 21, 2012, pursuant to a plea agreement, Smith was sentenced to an executed term of eighteen (18) years imprisonment for dealing in cocaine as a class B felony.[1] This sentence was ordered to be served consecutively to a sentence imposed under cause number 45G01-0411-FB-092. On its Abstract of Judgment, the trial court provided, "The Defendant is entitled to 358 days of jail time credit, plus 358 days of good time credit, for a total of 716 days." (App. 10).

On December 12, 2013, Smith filed a Motion For Jail Time Credit. In his motion, Smith asserted that the DOC was not applying the appropriate amount of credit time to his sentence. As a result, he argued that his estimated date of release from prison was incorrect; this is known as an offender's "out date."[2] Specifically, Smith noted that he was not

---

[1] IND. CODE § 35-48-4-1(a)(2)(c).

[2] The Department of Correction calls this date the "earliest possible release date" ("EPRD").

requesting that the "court fix his out date as this is the sole responsibility of the [DOC], the defendant simply points out the facts that support the incorrect calculations and the proper calculations that [are] on the face of the record." (App. 7). Nevertheless, Smith requested that the trial court issue an amended Abstract of Judgment showing the correct number of days to be credited by the DOC.

On December 19, 2013, the trial court entered an order on its chronological case summary ("CCS") denying Smith's motion.[3] The trial court stated that its previous Abstract of Judgment already included all of the credit time "the defendant is seeking . . . ." (App. 11). On January 22, 2014, Smith filed his Notice of Appeal. Smith's motion was given to prison officials for mailing and postmarked on January 14, 2014. Smith requested that the court reporter only include a copy of the CCS, judgment of conviction, and the Abstract of Judgment for the record on appeal. Although a transcript was not requested, the trial court noted that it would not be preparing a transcript because it believed Smith's Notice of Appeal was not timely filed.[4]

DECISION

When reviewing a trial court's decision denying a request for credit time, we review only for an abuse of discretion. *Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002).

---

[3] The trial court's order is dated December 12, 2013, but it was entered onto the CCS on December 19, 2013.

[4] We note that the trial court incorrectly believed that Smith's Notice of Appeal was untimely. The "prison mailbox rule" recognizes that *pro se* "prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice." *Dowell v. State*, 922 N.E.2d 605, 607 (Ind. 2010). As a result, "a *pro se* incarcerated litigant who delivers a notice of appeal to prison officials for mailing on or before its due date accomplishes a timely filing." *Id*. at 607; *see Houston v. Lack*, 487 U.S. 266 (1988). The incarcerated litigant must "provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." *Id*. This was accomplished.

"An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.*

As an initial matter, we note that *pro se* litigants are held to the same standards as trained attorneys and are afforded no inherent leniency simply because they are self-represented; they must comply with appellate rules in order to have their appeal determined on the merits. *Smith v. State*, 822 N.E.2d 193, 203 (Ind. Ct. App. 2005), *trans. denied.* "It is [Smith's] duty to present an adequate record clearly showing the alleged error." *Brattain*, 777 N.E.2d at 776. Failing to do so "may waive a claim of entitlement to credit time" if we do not have enough information to determine the issue. *Id.*

In this case, there is insufficient information for us to determine whether the DOC properly applied the awarded credit time to Smith's sentence. Smith's appendix only contains a copy of the CCS, his Motion For Jail Time Credit, the Abstract of Judgment, the trial court's order, and his Notice of Appeal. Our Supreme Court has held that when an offender believes the DOC has "mistakenly failed to give an offender earned credit time, the offender must exhaust administrative remedies before seeking relief from a court." *Neff v. State*, 888 N.E.2d 1249, 1252 (Ind. 2008). Here, the record is devoid of any information regarding whether Smith sought to correct the perceived mistake by using the appropriate administrative processes. There is also no information in the record regarding (1) Smith's earliest possible release date; (2) whether any disciplinary action was taken affecting Smith's credit time; or (3) what the earliest possible release date of Smith's consecutive sentence was. All of this information is necessary to determine Smith's issue on appeal.

It is likely that Smith simply misunderstood that nature of how credit time is applied. For example, "[w]hen an offender is sentenced and receives credit for time served, earned credit time, or both, that time is applied to the new sentence *immediately*, before application of prospective earned credit time, in order to determine the defendant's earliest possible release date." *Id*. at 1251 (emphasis in original). However, because the record is insufficient, we simply do not know. We cannot decide this case until Smith has exhausted his administrative remedies within the DOC and presents us with an adequate record to review. Accordingly, this appeal is dismissed.

Dismissed.

FRIEDLANDER, J., and MATHIAS, J., concur.