**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Jun 10 2014, 9:16 am
*Kevin S. Smith*
**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KEVIN M. BARBER**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN M. BARBER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1310-CR-464 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Marc R. Kellams, Judge
Cause No. 53C02-1208-FC-788

**June 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Kevin M. Barber appeals from the denial of his motion to correct erroneous sentence contending that the trial court erred by denying his motion and that his sentence is inappropriate. Concluding that Barber failed to establish that his sentence is erroneous on its face and that he has waived his challenge of the appropriateness of his sentence, we affirm.

## FACTS AND PROCEDURAL HISTORY

Barber pleaded guilty to one count of child molesting as a Class C felony ("Count I"), one count of performing sexual conduct in the presence of a minor as a Class D felony ("Count II"), and one count of dissemination of matter harmful to minors as a Class D felony ("Count III"). The trial court sentenced Barber to eight years imprisonment in the Indiana Department of Correction for his conviction under Count I, two years suspended to probation for his conviction under Count II, and two years suspended to probation for his conviction under Count III. The trial court ordered the sentence for Count I to run consecutively to Count II and Count III, which were to be served concurrently.

On August 1, 2013, Barber filed a petition for permission to file a belated notice of appeal. The trial court denied Barber's petition on August 5, 2013, noting that Barber "entered pleas of guilty and was sentenced pursuant to a Plea and Sentencing Agreement and thereby waived his right to appeal." *Appellant's App*. at 12. Barber did not appeal the trial court's denial of his petition.

On October 11, 2013, Barber filed a motion to correct erroneous sentence in which he alleged as follows: 1) he was entitled to relief under Indiana Code section 35-38-1-15; 2) the sentencing court was obligated to correct a sentence for clear facial error; 3) the trial

2

court has a duty to correct erroneous sentences; 4) the trial court sentenced Barber to the maximum sentence for Count I; 5) the court sentenced Barber to a sentence above the advisory sentence for Counts II and III; 6) maximum sentences are appropriate for the worst offenders; and 7) Barber's crimes were not the worst of the worst and the trial court's imposition of a maximum sentence was not warranted given Barber's character. The trial court denied Barber's motion, observing that Barber "signed a plea and sentencing agreement on November 14, 2012, agreeing to the sentence he received." *Id.* at 8. Barber now appeals.

## DISCUSSION AND DECISION

When reviewing a trial court's decision to deny a motion to correct an erroneous sentence, we defer to the trial court's factual findings and review such decision for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007) (citing *Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002)). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* However, the trial court's legal conclusions are reviewed under a de novo standard of review. *Id.*

Indiana Code section 35-38-1-15 provides as follows:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

A motion to correct erroneous sentence is an appropriate remedy only when the sentence is erroneous on its face. *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). "When claims

3

of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable." *Id*. at 787. "Claims that require consideration of proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id*. However, a motion to correct sentence could be used to correct errors such as "illegal sentences in violation of express statutory authority or an erroneous interpretation of a penalty provision of a statute." *Id*. at 786.

Here, Barber acknowledges that his sentences for Counts I, II, and III were within the statutory guidelines. He challenges them nonetheless on grounds implicating Indiana Appellate Rule 7(B). "[A] request for sentence revision under Appellate Rule (7)(B) is not truly a claim of sentencing error. Rather, it is a request for [the] court to exercise its constitutional authority to revise a lawfully entered sentence." *Kimbrough v. State*, 979 N.E.2d 625, 630 (Ind. 2012) (quoting *Kimbrough v. State*, No. 45A04-1106-CR-328, slip op. at 14 n.3 (Ind. Ct. App. Mar. 21, 2012), Mathias, J. dissenting). The face of Barber's sentencing order does not disclose the nature of his offenses or his character, so we would be unable to review such a claim even if it were properly before us. Barber has failed to show how his sentence is improper on its face. Since a motion to correct an erroneous sentence is an improper vehicle by which to present an inappropriateness claim, we conclude that the trial court did not abuse its discretion by denying Barber's motion on that additional ground. By a separate order, we grant the State's motion to dismiss Barber's claims that his sentence is inappropriate. Affirmed.

MAY, J., and BAILEY, J., concur.

4