**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT, PRO SE:

**DARCELL MCCANTS**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARCELL MCCANTS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1311-CR-591 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-0607-FB-48

**October 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

When the trial court sentenced Darcell McCants ("McCants"), it specifically noted that he was entitled to 427 days of presentence jail credit and 427 days of presentence earned or good time credit. McCants later filed a grievance with the Department of Correction to challenge the Department of Correction's application of his presentence credit time, claiming that the Department of Correction had not credited him with his earned credit time at sentencing, which would have affected his projected release date. After the Department of Correction denied his request, McCants filed a motion for presentence credit time with the trial court, which denied his motion.

McCants, pro se, now appeals the trial court's order denying his motion for presentence credit time. Applying the method of calculating a prisoner's earliest projected release date set forth by our Indiana Supreme Court in *Neff v. State*, we conclude that the Department of Correction credited McCants with his presentence earned credit time. Accordingly, we affirm the trial court's denial of McCants's motion for presentence credit time.

We affirm.

## ISSUE

Whether the trial court abused its discretion by denying McCants's motion
for presentence credit time.

## FACTS

On November 24, 2008, the trial court ordered McCants to serve an aggregate term of thirty-five (35) years in the Department of Correction for his Class A felony dealing in

2

cocaine conviction and his habitual substance offender adjudication. On its Abstract of Judgment, the trial court noted that McCants was entitled to jail time credit of "427 Actual Days with an equivalent amount of good time [credit]." (App. 7).

In May 2013, McCants filed a grievance with the Department of Correction, challenging its application of his 427 days of good time or earned credit time for his time served prior to sentencing. The Department of Correction denied McCants request, noting that "JTC [jail time credit] was applied correctly" and indicating that McCants had received both jail time credit and earned credit time. (App. 2).

On July 12, 2013, McCants filed a pro se "Motion for Jail Time Credit" with the trial court. In his motion, McCants acknowledged that the Department of Correction had applied his 427 days of presentence jail credit but argued that the Department of Correction was "not properly applying" his 427 days of earned credit time. (App. 4). McCants asserted that his "EPRD" or earliest possible release date—also referred to as an "out date"—was incorrect. (App. 3). In his motion, McCants referred to a "Detail Credit Time Calculation" and argued that the Department of Correction had made an "incorrect calculation[.]" (App. 4). The Department of Correction form entitled "Detail Credit Time Calculation as of 04/26/2013[,]" which is included in the record, indicates that McCants initially had a projected release date of March 24, 2025, assuming that he remained in a Class I credit class during his entire incarceration.[1] In his motion, McCants did not offer an alternative calculation or explain what he thought his projected release date should be.

---

[1] While in the Department of Correction, McCants apparently had conduct infractions and, accordingly, had his projected release date modified. This adjusted credit time is not at issue in this appeal.

3

Instead, McCants stated that he was not requesting the trial court to "fix his out date as this is the sole responsibility of the [Department of Correction,]" but asserted that he was "simply point[ing] out the facts that support the incorrect calculations and the proper calculations that are on the face of the record." (App. 4). McCants requested the trial court to issue an amended abstract of judgment reflecting that he was entitled to 427 days of presentence jail credit and 427 of earned credit time[2] and to serve it upon the Department of Correction.

Thereafter, the State filed a response to McCants's motion, which apparently included an attached declaration in support of the Department of Correction's credit time calculation.[3] On September 29, 2013, the trial court issued findings of fact and conclusions of law, denying McCants's motion.[4] Specifically, the trial court applied the method for calculating a prisoner's earliest release date described in our Indiana Supreme Court's opinion of *Neff v. State*, 888 N.E.2d 1249 (Ind. 2008), determined that McCants's initial projected release date was March 24, 2025, and concluded that McCants was not entitled to additional presentence credit time. In its order, the trial court explained that the Department of Correction's method of calculating the initial projected release date varied

---

[2] As noted above, the trial court's abstract of judgment already included this credit information.

[3] McCants has failed to include a copy of the State's response and corresponding attachments in his Appellant's Appendix.

[4] Contrary to Appellate Rule 50, McCants has failed to include a copy of this trial court order being appealed in his Appendix. Nevertheless, he has, in accordance with Appellate Rule 46(A)(10), included a copy of the trial court's order in the back of his Appellant's Brief. This order, however, is unsigned, undated, and contains no file stamp. The State does not challenge the validity of this unsigned order; thus, we will review McCants's argument and proceed in this appeal under the assumption that this order is valid. *See* Ind. Appellate Rule 49(B) (providing that a "party's failure to include any item in an Appendix shall not waive any issue or argument").

4

slightly from the *Neff* method but resulted in the same initial projected release date of March 24, 2025. Specifically, the Department of Correction credited McCants with his 427 days of presentence jail credit and earned credit time by subtracting the jail credit time from his date of sentencing to arrive at an effective date of sentencing and then placing him in Class I credit during that time period. Because both methods led to the same initial projected release date and revealed that McCants had been credited with his presentence earned credit time, the trial court denied McCants's motion. McCants now appeals.

## DECISION

McCants challenges the trial court's order denying his motion for presentence credit time. When reviewing a trial court's decision denying a request for credit time, we review only for an abuse of discretion. *Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.*

As he did below, McCants acknowledges that the Department of Correction awarded him with 427 days of presentence jail credit but contends that it did not apply his 427 days of earned credit time and "improperly calculated" his projected release date. (McCants's Br. 2). Again, as he did below, McCants fails to offer an alternative calculation or explain what his projected release date should be.

The State contends that the trial court's denial of McCants's motion for presentence credit time should be affirmed because application of the calculation method described in *Neff* reveals that McCants had an initial projected release date as March 24, 2025 and that

5

the Department of Correction did not deny McCants any presentence credit time. We agree with the State.

The *Neff* Court reviewed the proper method of calculating a prisoner's earliest release date and explained that "when an offender is sentenced and receives credit for time served, earned credit time, or both, that time is applied to the new sentence *immediately*, before application of prospective earned credit time, in order to determine the defendant's earliest release date." *Neff*, 888 N.E.2d at 1251. Application of the *Neff* calculation method to McCants's sentence reveals the following:

| | |
|---|---|
| 35-year sentence | 12,783 days |
| Time already served at sentencing | - 427 days |
| Earned Class I credit at sentencing | - 427 days |
| Time left to serve | 11,929 days |
| Time to serve with Class I credit (half of days left) | 5,964 days |

Based on McCants's sentencing date of November 24, 2008, this calculation results in a projected release date of March 24, 2025, which is the initial projected release date contained in the records of the Department of Correction presented to the trial court.[5] Because the Department of Correction calculated McCants's projected release date to include his presentence jail credit and his earned credit time, the trial court did not abuse its discretion by denying McCants's motion.[6]

---

[5] As discussed above, McCants's projected release date has since changed due to his conduct issues.

[6] As the trial court noted, although the Department of Correction's method for calculating the initial projected release date differed slightly from the method described in Neff, the Department of Correction's method nevertheless follows the *Neff* Court's instructions to apply presentence credit time prior to prospective earned credit time.

6

Affirmed.

NAJAM, J., and BAILEY, J., concur.