**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 16 2014, 12:55 pm

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**THOMAS DILLMAN**
Indianapolis, Indiana
Edinburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS D. DILLMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1406-CR-261 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-1012-FC-1207

**December 16, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Thomas Dillman appeals the trial court's denial of his petition for home detention credit time. We look to the nature of Dillman's request and treat it as a motion to correct erroneous sentence. Finding that Dillman has failed to show that his sentence is erroneous on its face, we affirm.

## FACTS

On December 18, 2010, Dillman was charged with failure to stop and remain at the scene of an accident resulting in injury or death, a class C felony, cause number 53C-1012-FC-1207 (cause 1207). Dillman posted bond and, on January 5, 2010, he was ordered to be placed on home detention. Subsequently, in February of 2012, Dillman was arrested and charged with class D felony resisting law enforcement and class A misdemeanor operating a motor vehicle while intoxicated, cause number 53C05-1202-FD-00169 (cause 169), and his bond was revoked in cause 1207.

On January 16, 2013, Dillman pleaded guilty to cause 1207 under a plea agreement. The plea agreement covered causes 1207 and 169, as well as an unrelated probation violation. Under the agreement, Dillman would be sentenced to time served, including all credit time, for cause 169, and his sentence for cause 1207 was left to the determination of the trial court.

The trial court held a sentencing hearing on February 7, 2013. Dillman was sentenced to time served, including 182 days of credit time for cause 169 and to eight years, with 280 days of credit time for cause 1207. Dillman appealed his sentence, and a panel of this Court affirmed the trial court's sentence, but awarded Dillman an additional

thirteen days of jail-time credit. Dillman v. State, Cause No. 53A01-1303-CR-112 (Ind. Ct. App. Dec. 18, 2013).

On April 11, 2014, Dillman filed a petition for home detention credit time. The trial court awarded him fifty-one days of additional credit time. On approximately May 15, Dillman filed another petition for home detention credit time, asking that he be given sixty-seven days of additional home detention credit time.[1] The trial court denied the petition on June 9, 2014, in an order stating that the sixty-seven days of credit time had already been applied to the aggregate sentence in causes 1207 and 169. Dillman now appeals.

DISCUSSION AND DECISION

Dillman argues that the trial court erred when it denied his petition for home detention credit time. He maintains that the sixty-seven days of credit time should be applied to cause 1207 and that it was inappropriate for the credit time to be applied to cause 169.

Although Dillman states that he is appealing the denial of his petition for home detention credit time, this Court will treat this motion as a motion to correct erroneous sentence. See Murfitt v. State, 812 N.E.2d 809, 809-10 (Ind. Ct. App. 2004) (treating defendant's motion for "motion for pretrial credit time served" as a motion to correct erroneous sentence). When reviewing a trial court's decision to deny a motion to correct

---

[1] Dillman states that he filed his petition for home detention credit time on May 15, 2014. However, the chronological case summary does not state when the petition was filed, and the affirmation of service states that it was sent on May 20, 2014.

3

an erroneous sentence, this Court defers to the trial court's factual findings and reviews the decision only for an abuse of discretion. <u>Brattain v. State</u>, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. <u>Id.</u> However, the trial court's legal conclusions are reviewed under a de novo standard of review. <u>Id.</u>

To address Dillman's argument would require this Court to go beyond the face of the sentence, and to consider factors extrinsic to his sentence. In <u>Robinson v. State</u>, our Supreme Court held that:

> [w]hen claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied.

805 N.E.2d 783, 787 (Ind. 2004). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. <u>Id.</u>

Here, Dillman has failed to show that his sentence is erroneous on its face. It would require this Court to look beyond the face of the sentencing order to determine that the sixty-seven days requested by Dillman were awarded toward a consecutive sentence. Therefore, a motion to correct erroneous sentence is an improper vehicle for Dillman's sentencing claim.

4

Affirmed.

RILEY, J., concurs, and VAIDIK, C.J., concurs in result.