## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 09 2015, 9:12 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

William R. Wilson, II
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory R. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William R. Wilson, II,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 9, 2015

Court of Appeals Cause No.
09A02-1501-CR-45

Appeal from the Cass Superior
Court

The Honorable Richard A.
Maughmer, Judge

Trial Court Cause No.
09D02-1005-FA-3

**Barnes, Judge.**

# Case Summary

William Wilson, II, appeals the trial court's denial of his motion for presentence good time credit. We affirm.

# Issue

Wilson raises one issue, which we restate as whether the trial court properly denied his motion for presentence good time credit.

# Facts

In May 2010, the State charged Wilson with two counts of Class A felony child molesting, Class A felony burglary, Class B felony criminal confinement, Class D felony strangulation, and Class D felony battery resulting in bodily injury. Pursuant to a plea agreement, Wilson pled guilty to Class A felony child molesting and Class B felony criminal confinement. The plea agreement provided that Wilson would "serve all time as a credit restricted felon." App. p. 5. The trial court sentenced Wilson in accordance with the plea agreement to forty years with thirty-six years executed and four years suspended to probation. Wilson was given 1,064 days of credit for presentence time spent in confinement.

In December 2014, Wilson filed a motion for presentence good time credit. Wilson alleged that he was entitled to 177 days of good time credit for the 1,064 days that he spent incarcerated prior to sentencing. The trial court denied Wilson's motion without a hearing. Wilson now appeals.

# Analysis

[5] Wilson argues that the trial court erred by denying his motion for presentence good time credit. When reviewing a trial court's decision denying a request for credit time, we review only for an abuse of discretion. *Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.* According to Wilson, he is entitled 177 days of good time credit for his presentence confinement. The State responds that Wilson failed to show that he exhausted his administrative remedies.[1] We agree.

[6] "Under the Indiana Penal Code, prisoners receive credit time that is applied to reduce their term of imprisonment." *Robinson v. State*, 805 N.E.2d 783, 789 (Ind. 2004). The time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment. *Id.* The amount of additional credit or good time credit is primarily determined by the prisoner's credit time classification. *Id.* Wilson was classified as a credit restricted felon and was assigned to Credit Class IV. Ind. Code § 35-50-6-4(b). A person assigned to Credit Class IV earns one day of good time credit for every six days the person

---

[1] The State also contends that Wilson's argument is moot because a June 23, 2015 letter from the DOC indicates that Wilson was, in fact, given 177 days of presentence good time credit by the DOC. However, this letter was not presented to the trial court. "The appellate rules do not permit material to be included in a party's appendix that was not presented to the trial court." *Bailey v. State Farm Mut. Auto. Ins. Co.*, 881 N.E.2d 996, 999 (Ind. Ct. App. 2008). Consequently, we cannot consider the letter.

is imprisoned for a crime or confined awaiting trial or sentencing. I.C. § 35-50-6-3. The trial court's sentencing order did not specify Wilson's good time credit. However, our supreme court has held that sentencing judgments that report only days spent in presentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the DOC automatically to award good time credit according to the statutory requirements (typically Class I credit, but Class IV credit here). *Robinson*, 805 N.E.2d at 792.

[7] Our supreme court, however, has also held that when an offender believes the DOC has "mistakenly failed to give an offender earned credit time, the offender must exhaust administrative remedies before seeking relief from a court." *Neff v. State*, 888 N.E.2d 1249, 1252 (Ind. 2008). "[T]o present such a claim to a court, a petitioner must show what the relevant DOC administrative grievance procedures are, and that they have been exhausted at all levels." *Young v. State*, 888 N.E.2d 1253, 1254 (Ind. 2008). Here, Wilson has failed to demonstrate that he presented his argument through the relevant DOC administrative grievance process and that he exhausted his administrative remedies. Consequently, Wilson's claim fails.

## Conclusion

[8] The trial court properly denied Wilson's request for credit time. We affirm.

[9] Affirmed.

Kirsch, J., and Najam, J., concur.