## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2017, 6:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Levi Davis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 22, 2017<br><br>Court of Appeals Case No.<br>34A02-1708-CR-1786<br><br>Appeal from the Howard Superior Court I<br><br>The Honorable William C. Menges, Judge<br><br>Trial Court Cause Nos.<br>34D01-1107-FA-00565<br>34D01-1111-FA-01001 |

**Vaidik, Chief Judge.**

[1] Levi R. Davis admitted that he violated his probation in two cases by committing a new criminal offense, and the trial court ordered him to serve the

balance of his previously suspended sentences in these two cases, which the court calculated to be 4010 days (4318 days - 308 credit days for time "served while awaiting trial and disposition in this matter").  Appellant's App. Vol. II p. 131; Appellant's App. Vol. V p. 79.  Davis claims that the court erred in calculating the balance of his previously suspended sentences and that "the correct total owing [is] 1,247 days."  Appellant's Br. p. 13.  He reaches this much-lower number by asserting that he is entitled to credit for two large chunks of time spent in a community-transition program.  *See* Ind. Code § 11-10-11.5-10 ("A person assigned to a community transition program continues to earn good time credit during the person's assignment to a community transition program.").  However, there is nothing in the record to support Davis's claim that he spent time in such a program.  In fact, there is contrary support.  *See* Tr. p. 36 (at disposition, Davis testified as follows regarding whether he had ever been in a community-transition program: "I never even had . . . one day of supervision on that program whatsoever.").  Based on this lack of support in the record, the State argued in its brief that Davis has waived this issue for review. *See Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002) (holding that a defendant may waive a claim of entitlement to credit for time served by failing to present the reviewing court with sufficient information to determine the issue).  We agree with the State, and moreover, Davis did not file a reply brief responding to the State's waiver argument.  Accordingly, we affirm the trial court.

[2]     Affirmed.

May, J., and Altice, J., concur.