## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2019, 11:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Troy Phillips | Curtis T. Hill, Jr. |
| Miami Correctional Facility | Attorney General |
| Bunker Hill, Indiana | |
| | Katherine A. Cornelius |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Troy Phillips, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 30, 2019 <br><br> Court of Appeals Case No. 18A-CR-1621 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Kurt Eisgruber, Judge <br><br> The Honorable Steven Rubick, Magistrate <br><br> Trial Court Cause No. 49G01-0302-FB-31230 |

**Crone, Judge.**

[1]     Troy Phillips, pro se, appeals the trial court's denial of his motion for jail time credit. The sole issue presented for our review is whether the trial court abused its discretion in denying his motion. Phillips has submitted an inadequate record on appeal and consequently has waived our review of his claim. Therefore, we affirm.

[2]     Here, other than his mere allegations, Phillips has presented us with no information to support his motion. The limited record before us indicates that Phillips pled guilty to class B felony robbery and the trial court entered judgment of conviction in January 2004. The record contains no copy of the judgment or the trial court's sentencing order. Consequently, we cannot discern what credit time Phillips was actually awarded by the trial court, much less whether he was entitled to more.

[3]     Although Phillips claims that he served 325 days of presentence jail time and is therefore entitled to 325 days of good time credit toward his sentence, we are unable to consider his claim due to his failure to provide us with an adequate record on appeal. We emphasize that pro se litigants are held to the same standard as trained legal counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. It is the appellant's duty to provide a record that reflects the error alleged. *Williams v. State*, 690 N.E.2d 162, 176 (Ind. 1997). To the extent the record is inadequate, it results in waiver of the issue. *Id.*; *see Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002) (failure to present adequate record regarding credit for time served resulted in waiver of the issue on appeal). Based upon the limited

and inadequate record before us, there is no way for this Court to determine whether Phillips is entitled to any additional credit time. The issue is waived, and the judgment of the trial court is affirmed.[1]

[4]     Affirmed.

Bradford, J., and Tavitas, J., concur.

---

[1] Waiver notwithstanding, Phillips admits that the trial court properly stated in its sentencing order that he had spent 325 days in presentence confinement.  We have no idea whether the trial court's sentencing order also expressly accounted for good time credit. Even assuming that the sentencing order reported only actual days served, our supreme court has held:

> Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days.

*Robinson v. State*, 805 N.E.2d 783, 792 (Ind. 2004).  Thus, the sentencing order would have been corrected by presumption, and therefore the trial court properly denied Phillips's motion for jail time credit, which was essentially a motion to correct erroneous sentence.  *See Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002) (holding that request for jail time credit was tantamount to motion to correct erroneous sentence).