## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 23 2019, 7:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Vo Sherman
Certified Legal Intern

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Barbara Bell-Shannon,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 23, 2019

Court of Appeals Case No.
19A-CR-381

Appeal from the Madison Circuit Court

The Honorable Mark K. Dudley, Judge

Trial Court Cause No.
48C06-1402-FB-355

**Baker, Judge.**

Barbara Bell-Shannon appeals the trial court's sentencing order, arguing that the trial court erred when it omitted the correct credit time on her sanctions order and abstract of judgment form. Finding that there was an error, we remand with instructions that the trial court include the proper credit time.

On March 9, 2015, Bell-Shannon pleaded guilty to one count of Class D felony possession of methamphetamine. That same day, the trial court sentenced Bell-Shannon to 36 months, with credit for 188 days she had already executed in the Department of Correction and with the remaining 907 days suspended to probation. Under the terms of her probation, Bell-Shannon could not be in contact with a convicted felon, had to notify the probation office of any change in address, and could not consume or possess any illegal or illicit substance.

On December 23, 2015, the State filed a notice of violation of probation, alleging that Bell-Shannon had failed to obtain a substance abuse evaluation, pay required fees, and provide a current address. On February 2, 2016, the State filed an amended notice of violation of probation, alleging that Bell-Shannon had possessed a synthetic drug and had been in contact with a convicted felon. Following a February 9, 2016, evidentiary hearing, the trial court ordered Bell-Shannon committed to home detention for violating the terms of her probation.

On March 7, 2016, Bell-Shannon tested positive for drugs and on April 6, 2016, she fled from home detention. Once again, the State filed a notice of violation

of probation on April 6, 2016. Following a January 18, 2019,[1] evidentiary hearing on this matter, the trial court found that Bell-Shannon had violated the terms of her probation and ordered that she serve the remainder of her previously-suspended sentence as a sanction. The trial court then calculated the amount of time Bell-Shannon had been incarcerated and arrived at 324 days of credit time. Neither the sanctions order nor the abstract of judgment form included the 188 days of credit time Bell-Shannon had previously accrued.

[5]     On March 22, 2019, Bell-Shannon filed a pro se motion for jail time credit, arguing that the trial court had failed to include the 188 days that had been documented on all previous sentencing orders. The trial court denied Bell-Shannon's motion. Bell-Shannon now appeals.

[6]     Bell-Shannon's sole argument on appeal is that the trial court erred by omitting the 188 days of accrued credit time from the January 18, 2019, abstract of judgment form and the sanctions order. When reviewing motions or requests to alter allegedly erroneous sentencing orders, we defer to the trial court's factual findings and will reverse the trial court's decision only when it is against the logic and effect of the facts and circumstances before it. *Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002).

---

[1] The record does not reflect a reason for the nearly three-year delay, but we surmise that Bell-Shannon absconded during that period.

Pursuant to Indiana Code section 35-38-3-2(b)(4), the judgment of conviction and sentencing must include "the amount of credit time earned for time spent in confinement before sentencing[.]" "[T]herefore, pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion." *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). Thus, a trial court does not have discretion to omit or forego statutorily-afforded credit time on entries of judgment. Here, the trial court committed a scrivener's error and neglected to include the 188-day credit time on both the sanctions order and the abstract of judgment form. While motions to correct or modify sentence[2] are not available to challenge entries or omissions on solely an abstract of judgment form, *Robinson v. State*, 805 N.E.2d 783, 794-95 (Ind. 2004), here, the judgment of conviction—the sanctions order—also omits the 188-day credit time. In fact, "[t]he State acknowledges that neither the trial court's sanctions order nor the abstract of judgment account for Bell-Shannon's already-served 188-day executed sentence." Appellee's Br. p. 11.[3]

---

[2] We recognize that Bell-Shannon, here, filed a motion for jail time credit and not a motion to correct or modify sentence. However, Bell-Shannon's motion, in essence, sets out to correct a sentencing error, and we will not dismiss her appeal by elevating form over substance.

[3] The State goes on to explain how reversal and remand is unnecessary because this Court "must analyze the trial court's intent[.]" Appellee's Br. p. 11. The State is making a mountain out of a proverbial mole hill. Bell-Shannon is not trying to have her sentence reversed or reduced, and this Court need not analyze the "true intent" behind the trial court's sanctions order when it revoked Bell-Shannon's probation. Rather, the trial court sentenced Bell-Shannon yet omitted an important morsel of information from both the sanctions order and the abstract of judgment form—namely, the 188 days of credit time she had accrued from before the initial March 9, 2015, sentencing. We are simply asking that the trial court fix its error.

[8]     Accordingly, our inquiry ends here. Because neither the sanctions order nor the abstract of judgment form contains the 188-day pre-sentence credit time, we remand with instructions that the trial court include this information.

[9]     The judgment of the trial court is remanded with instructions.

Kirsch, J., and Crone, J., concur.