Ronald C. **FELDER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 46A03–612–CR–566.**

Court of Appeals of Indiana.

July 26, 2007.

---

*Id.*

Donald W. Pagos, Michigan City, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ann Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, Chief Judge.

Appellant-defendant Ronald C. Felder appeals the ten-year sentence that was imposed following his guilty plea to Robbery,[1] a class B felony. Specifically, Felder argues that the sentence must be vacated because the trial court did not identify his decision to plead guilty as a mitigating circumstance. Felder also claims that the trial court erred "by failing to specifically grant [him] good time credit." Appellant's Br. p. 1. Finding that Felder's decision to plead guilty should have been identified as a significant mitigating circumstance, but also determining that the ten-year sentence is appropriate, we decline to revise his sentence. We also find that there was no error when the trial court did not separately grant good time credit for the time that Felder was incarcerated prior to sentencing. Thus, we affirm the judgment of the trial court.

*FACTS*

On January 24, 2006, Felder entered the Smoke Shop in LaPorte County, displayed a BB gun to the store clerk, and absconded with approximately $100 in cash. As a

---

1. Ind.Code § 35–42–5–1.

result of the incident, Felder was charged with the above offense.

Thereafter, on March 30, 2006, Felder entered into an agreement with the State, which provided that he would plead guilty as charged. Felder also agreed to cooperate in the investigation of the criminal activities of Vance G. Bridgemon—a suspected codefendant in this case and other cases—and to testify against Bridgemon if necessary. In exchange, the State agreed to recommend to the trial court that any executed sentence imposed would not exceed ten years.

At the sentencing hearing, which concluded on October 5, 2006,[2] Felder testified that because he had implicated Bridgemon as a co-defendant in the robbery and agreed to testify against him, he believed that his decision to plead guilty to the charged offense was entitled to mitigating weight. In response, the State maintained that Felder had actually participated in another robbery with Bridgemon on January 24, 2006, for which the State had declined to charge Felder. Moreover, the State argued that because Bridgemon pleaded guilty to the charges against him before Felder was deposed in Bridgemon's case, the State did not reap much of a benefit from Felder's agreement to cooperate in the case against Bridgemon. Finally, the State pointed out that it had taken into account Felder's cooperation with law enforcement when it decided to recommend to the trial court that Felder receive only the advisory sentence of ten years for the offense.[3]

The trial court found no mitigating or aggravating circumstances and sentenced Felder to ten years of incarceration. The trial court also determined that Felder could petition to modify his sentence after serving six years if Felder presented proof that his conduct record while incarcerated was without "blemish and without disciplinary action of any kind." Appellant's App. p. 42. The trial court observed that Felder had served 255 days before sentencing "with good time recommended." *Id.* Thereafter, Felder filed a motion to correct erroneous sentence, arguing that the trial court erred when it failed to specifically award him good-time credit prior to sentencing. On November 21, 2006, the trial court denied the motion, finding that Felder had already received his presentence good-time credit because "such credit is stated both in the Sentencing Order and the Abstract of Judgment." *Id.* at 18. Felder now appeals.

## DISCUSSION AND DECISION

### I. Guilty Plea as Mitigating Factor

Felder first contends that the ten-year sentence must be set aside. Specifically, Felder argues that because the State agreed that the maximum sentence would be ten years in accordance with the plea agreement, "the sentencing court would have to identify aggravating circumstances to justify the maximum sentence." Appellant's Br. p. 4. Inasmuch as the trial court did not identify any aggravating factors, and Felder's decision to plead guilty was improperly overlooked as a significant mitigating factor, Felder claims that he must be resentenced.

■ In *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind., 2007), our Supreme Court reaffirmed the principle that we review

---

**2.** The sentencing hearing was continued on several occasions.

**3.** Indiana Code section 35–50–2–5 provides in part that "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years."

challenges to the trial court's sentencing process with regard to the existence of aggravating and mitigating circumstances for an abuse of discretion. *Id.* at 490 (concluding that "[s]o long as the sentence is within the statutory range, it is subject to review only for abuse of discretion"). The *Anglemyer* court went on to observe that a trial court may be found to have abused its discretion in the following ways: (1) by failing to enter a sentencing statement; (2) by entering a sentencing statement that includes reasons not supported by the record; (3) by entering a sentencing statement that omits reasons clearly supported by the record and advanced for consideration; or (4) by entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* However, even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the sentence will be upheld if it is appropriate in accordance with Indiana Appellate Rule 7(B). *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind., 2007) (holding that in the absence of a proper sentencing order, we may either remand for resentencing or exercise our authority to review the sentence pursuant to Rule 7(B)).

■ That said, we note that when a defendant proffers a mitigating circumstance, the sentencing court is not obligated to explain why it chose not to make a finding of mitigation. *Tunstill v. State*, 568 N.E.2d 539, 546 (Ind.1991). Furthermore, a trial court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant. *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind.2000). Moreover, the trial court is not required to give the same weight to mitigating factors as does the defendant. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind.Ct.App.2003). On appeal, the defendant must show that the proffered mitigating circumstance is both significant and clearly supported by the record. *Spears*, 735 N.E.2d at 1167. However, when a trial court fails to find a mitigator clearly supported by the record, a reasonable belief arises that the trial court improperly overlooked that factor. *Banks v. State*, 841 N.E.2d 654, 658 (Ind.Ct.App.2006), *trans. denied.*

■ We further note that our Supreme Court has determined that a guilty plea demonstrates acceptance of responsibility for a crime and must be considered a mitigating factor. *Scheckel v. State*, 655 N.E.2d 506, 511 (Ind.1995). When a defendant pleads guilty, court time and resources are saved. Moreover, witnesses are spared from enduring a full-blown trial. *Id.* Although not every guilty plea is a significant mitigating circumstance that must be credited by the trial court, our Supreme Court observed in *Scheckel* that "a defendant who willingly enters a plea of guilty has extended a substantial benefit to the State and deserves to have a substantial benefit extended to him in return." *Id.* However, a guilty plea may not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one. *Wells v. State*, 836 N.E.2d 475, 479 (Ind.Ct.App.2005), *trans. denied.*

■ In this case, the record shows that Felder gave a full and complete statement to the police immediately following his arrest. Appellant's App. p. 36. He also agreed to cooperate with the investigation of Bridgemon. *Id.* Moreover, Felder pleaded guilty to the charged offense even before the case had been set for trial. *Id.* at 2.

Although the State argues that it did not substantially benefit from Felder's decision to plead guilty, it is certainly reasonable to infer that Bridgemon pleaded guilty in

light of Felder's agreement to testify against him. Indeed, the State acknowledged Felder's full and complete cooperation in the case against Bridgemon. *Id.* at 37. Additionally, neither the State nor the trial court spent an abundance of time or resources in preparing the case for trial before Felder pleaded guilty.

In light of these circumstances, we can only conclude that the trial court abused its discretion in not identifying Felder's decision to plead guilty as a substantial mitigating factor. However, our inquiry does not end here, inasmuch as we have the option of remanding the case to the trial court for a new sentencing determination, or we may exercise our authority to review and revise the sentence pursuant to Indiana Appellate Rule 7(B). *Windhorst,* at 507. In this case, we proceed with our analysis under the latter option.[4]

## II. Review under Indiana Appellate Rule 7(B)

■ Indiana Appellate Rule 7(B) provides that this court has the constitutional authority to revise a sentence if, after due consideration of the trial court's decision, we find that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." However, sentence review under Appellate Rule 7(B) is very deferential to the trial court's decision, *Martin v. State,* 784 N.E.2d 997, 1013 (Ind.Ct.App.2003), and we refrain from merely substituting our judgment for that of the trial court. *Foster v. State,* 795 N.E.2d 1078, 1092 (Ind.Ct. App.2003). The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006).

■ Regarding the nature of the offense, our review of the record reveals that there are no circumstances in this case that would warrant an enhanced sentence for class B felony robbery as charged. However, as for Felder's character, the evidence shows that he has an extensive juvenile and adult criminal history dating from 1988. Appellant's App. p. 47. While on probation for some of the juvenile offenses, Felder violated probation and was released unsatisfactorily three times until he was finally committed to the Department of Correction. *Id.* at 52. Moreover, Felder was on parole for robbery when he committed the instant offense. *Id.* at 53; Tr. p. 13. Granted, Felder may have fully cooperated with the police during the investigation in this case and pleaded guilty to the offense before the case was set for trial. Nonetheless, Felder has a substantial criminal history, and an allegation was made at sentencing that Felder had committed an additional robbery with Bridgemon. *Id.* at 15–16. Hence, it is apparent that Felder has not been deterred from criminal conduct. As a result, we cannot conclude that Felder's ten-year sentence is inappropriate in light of the nature of the offense and his character.

## III. Grant of Credit Time

Felder also argues that the trial court erred in denying his motion to correct erroneous sentence because it did not "separately and specifically grant credit for time spent in confinement before sentencing." Appellant's Br. p. 6. Thus, Felder contends that this cause must be remanded to the trial court with instructions to specifically designate the credit time earned by Felder during pre-sentence confinement.

---

4. Felder does not make a separate argument challenging the appropriateness of the sen-    tence.

In accordance with Indiana Code section 35–38–1–15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

In *Robinson v. State,* our Supreme Court determined that the purpose of this statute is to "provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." 805 N.E.2d 783, 785 (Ind.2004). When reviewing a trial court's decision to deny a motion to correct an erroneous sentence, we defer to the trial court's factual findings and review such decision for an abuse of discretion. *Brattain v. State,* 777 N.E.2d 774, 776 (Ind.Ct.App.2002). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* However, the trial court's legal conclusions are reviewed under a de novo standard of review. *Id.*

In accordance with *Robinson,* our Supreme Court has determined that a motion to correct an erroneous sentence may only be used to correct sentencing errors that are clear from the face of the "judgment imposing the sentence." 805 N.E.2d at 787. Moreover, claims that require consideration of proceedings before, during, or after the trial may not be presented via a motion to correct sentence. *Id.* The *Robinson* court further noted that a trial court should provide both the number of days served prior to sentencing as well as the number of days of "credit time earned thereby." *Id.* at 792. However,

"[s]entencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of presentence confinement days." *Id.*

Here, the trial court expressly stated in the sentencing order that Felder had served 255 days before sentencing and recommended good-time credit. Appellant's App. p. 13. Thus, according to the rule announced in *Robinson,* the courts and the Department of Correction will understand this entry automatically to award the number of credit time days equal to the 255 pre-sentence confinement days, i.e., 255 days of credit time. *See id.* at 792. As a result, Felder's claim fails.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., concurs.

CRONE, J., concurs in result.