919 N.E.2d 1228 (2010)
Ronald D. OSBORN, Appellant-Petitioner,
v.
STATE of Indiana, Appellee-Respondent.
No. 14A04-0909-PC-506.
Court of Appeals of Indiana.
January 22, 2010.
Ronald D. Osborn, Branchville, IN, Appellant pro se.
*1229 Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant-Petitioner, Ronald D. Osborn (Osborn), appeals the post-conviction court's denial of his motion to correct erroneous sentence.
We affirm.

ISSUE
Osborn presents three issues for our review; however, we find one issue dispositive of Osborn's appeal: Whether Osborn presented an appropriate claim in his motion to correct erroneous sentence.

FACTS AND PROCEDURAL HISTORY
On July 31, 2009, Osborn filed a motion to correct erroneous sentence. Osborn alleged that his sentence for being an habitual offender, levied on June 21, 2000, was erroneous because the State had failed to present sufficient evidence to prove the commission and conviction dates for the underlying predicate offenses used to support his habitual offender enhancement. On August 12, 2009, the trial court summarily denied Osborn's motion to correct erroneous sentence.
Osborn now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION
The State contends that because Osborn's motion to correct erroneous sentence challenges the sufficiency of the State's evidence, not the validity of his sentence on its face, Osborn's claim is inappropriate for a motion to correct erroneous sentence. We agree.
We review a trial court's ruling on a motion to correct erroneous sentence for an abuse of discretion with respect to its factual determinations. Felder v. State, 870 N.E.2d 554, 560 (Ind.Ct.App.2007). An abuse of discretion occurs only when the trial court's decision is against the logic and effects of the facts and circumstances before it. Id. "However, the trial court's legal conclusions are reviewed under a de novo standard of review." Id.
A motion to correct erroneous sentence derives from Indiana Code section 35-38-1-15, which provides:
If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.
The purpose of the law "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." Robinson v. State, 805 N.E.2d 783, 785 (Ind.2004) (quoting Gaddie v. State, 566 N.E.2d 535, 537 (Ind.1991)). However, motions to correct erroneous sentences should be confined to claims apparent from the face of the sentencing judgment. Id. This means that:
a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during or after trial may not be presented *1230 by way of a motion to correct erroneous sentence.
Id. at 787.
Here, Osborn's motion to correct erroneous sentence is based on his claim that the State presented insufficient evidence at his trial. This is not an error that would be clear from the face of the judgment imposing the sentence in light of the statutory authority. Rather, Osborn's claims would require consideration of the record, which is not appropriate in proceedings considering a motion to correct erroneous sentence. Therefore, the trial court did not abuse its discretion by denying Osborn's motion to correct erroneous sentence.

CONCLUSION
Based on the foregoing, we conclude that the trial court did not abuse its discretion when it denied Osborn's motion to correct erroneous sentence.
Affirmed.
VAIDIK, J., and CRONE, J., concur.