**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 09 2012, 8:21 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JESSE BAKER**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSE BAKER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1104-CR-386 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Judge
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-0001-PC-2522

**January 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jesse Baker appeals the trial court's denial of his motion to correct erroneous sentence. We affirm.

**Issue**

Baker raises one issue, which we restate as whether the trial court abused its discretion by denying his motion to correct erroneous sentence.

**Facts**

In 2000, the trial court sentenced Baker to twenty years for his conviction for Class B felony aggravated battery, enhanced by twenty years for his status as an habitual offender. The trial court ordered that the sentence be consecutive to a twenty-year sentence for Baker's conviction for Class B felony possession of a firearm by a serious violent felon, for an aggregate sentence of sixty years. We affirmed Baker's convictions on direct appeal. Baker v. State, 747 N.E.2d 633 (Ind. Ct. App. 2001), trans. denied. Baker then filed a petition for post-conviction relief, which the post-conviction court denied. On appeal, we affirmed the denial of Baker's petition for post-conviction relief. Baker v. State, No. 49A05-0408-PC-451 (Ind. Ct. App. Feb. 15, 2005).

In March 2011, Baker filed a pro se motion to correct erroneous sentence. Baker argued that the same underlying conviction could not be used to support both his conviction for possession of a firearm by a serious violent felon and his status as an habitual offender. The trial court denied the motion, finding that Baker's claims did not involve sentencing errors that were clear from the face of the judgment. Baker now appeals.

2

**Analysis**

Baker argues that the trial court erred by denying his motion to correct erroneous sentence. When reviewing a trial court's decision to deny a motion to correct an erroneous sentence, we defer to the trial court's factual findings and review such decision for an abuse of discretion. Felder v. State, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. Id. However, the trial court's legal conclusions are reviewed under a de novo standard of review. Id.

An inmate who believes he or she has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code Section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

A motion to correct erroneous sentence may be filed only to address a sentence that is "erroneous on its face." Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008) (quoting Robinson v. State, 805 N.E.2d 783, 786 (Ind. 2004)). Other sentencing errors must be addressed via direct appeal or post-conviction relief. Id. In addition, a motion to correct erroneous sentence may only arise out of information contained on the formal judgment of conviction, not from the abstract of judgment. Id. If the county does not issue

3

judgments of conviction, such as in Marion County, then the trial court's abstract of judgment will serve as an appropriate substitute for purposes of making the claim.  Id.

On appeal, Baker argues that the same underlying conviction could not be used to support both his conviction for possession of a firearm by a serious violent felon and his status as an habitual offender.[1]  Baker's appendix does not contain the trial court's abstract of judgment, but it does contain the Chronological Case Summary, which explains the trial court's order regarding his sentences.  Details of the underlying convictions used to support his conviction for possession of a firearm by a serious violent felon and his status as an habitual offender are not evident from the trial court's judgment.  His argument may be considered only by reference to matters outside of the face of the trial court's orders.  Baker has failed to establish any facial error in his sentencing judgment.  Consequently, his argument must be raised, if at all, through a successive petition for post-conviction relief.  The trial court did not abuse its discretion when it denied Baker's motion to correct erroneous sentence.

**Conclusion**

The trial court properly denied Baker's motion to correct erroneous sentence.  We affirm.

Affirmed.

---

[1] Baker also argues on appeal that he was improperly found to be an habitual offender "where the State failed to prove the required statutory sequence of the commissions of two prior unrelated felonies and their relation to the present underlying felony."  Appellant's Br. p. 4.  Baker did not make this argument to the trial court in his motion to correct erroneous sentence.  He, therefore, has waived this argument. Stokes v. State, 908 N.E.2d 295, 301 (Ind. Ct. App. 2009) (holding that "the failure to object at trial results in a waiver of an issue on appeal"), trans. denied.  Waiver notwithstanding, this argument also requires consideration of matters outside the face of the trial court's sentencing order.  Consequently, it cannot be raised by way of a motion to correct erroneous sentence.

KIRSCH, J., and BRADFORD, J., concur.