**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 15 2013, 5:41 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DAVID NEWSON**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana


**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID NEWSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1302-CR-81 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
The Honorable Amy Barbar, Magistrate
Cause No. 49G02-9604-PC-48010


**August 15, 2013**


**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

David Newson appeals the trial court's denial of his motion to correct erroneous sentence. We affirm.

## Issue

Newson raises one issue, which we restate as whether the trial court properly denied his motion to correct erroneous sentence.

## Facts

On January 8, 1998, the trial court sentenced Newson to consecutive sentences of sixty-five years for murder and eight years for Class C felony carrying a handgun without a license for an aggregate sentence of seventy-three years. Newson filed a direct appeal with the Indiana Supreme Court, and his convictions were affirmed. Newson v. State, 721 N.E.2d 237 (Ind. 1999). Newson then filed a petition for post-conviction relief, which was denied in 2004. Newson appealed that denial, and this court affirmed the denial of his petition for post-conviction relief. Newson v. State, No. 49A02-0410-PC-855 (Ind. Ct. App. Nov. 28, 2005). Our supreme court then denied Newson's transfer request.

On December 11, 2012, Newson filed a pro se motion to correct erroneous sentence, arguing that the trial court erred by imposing enhanced and consecutive sentences, that the trial court considered an improper aggravator, that his offense was a single episode of criminal conduct under Indiana Code Section 35-50-1-2, and that the trial court failed to give proper reasons for his sentence. The trial court found that Newson's claims did not involve sentencing errors that were clear from the face of the

3

judgment and that such claims cannot be raised in a motion to correct erroneous sentence. Consequently, the trial court denied Newson's motion. Newson then filed a motion to correct error, which the trial court also denied. Newson now appeals.

**Analysis**

Newson argues that the trial court erred by denying his motion to correct erroneous sentence. When reviewing a trial court's denial of a motion to correct an erroneous sentence, we defer to the trial court's factual findings and review such decision for an abuse of discretion. Felder v. State, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. Id. However, the trial court's legal conclusions are reviewed under a de novo standard of review. Id.

An inmate who believes he or she has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code Section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

A motion to correct erroneous sentence may be filed only to address a sentence that is "'erroneous on its face.'" Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008) (quoting Robinson v. State, 805 N.E.2d 783, 786 (Ind. 2004)). Other sentencing errors must be addressed via direct appeal or post-conviction relief. Id. In addition, a motion to correct

4

erroneous sentence may only arise out of information contained on the formal judgment of conviction, not from the abstract of judgment. Id. If the county does not issue judgments of conviction, such as in Marion County, then the trial court's abstract of judgment will serve as an appropriate substitute for purposes of making the claim. Id.

The State first argues that Newson waived his argument by failing to include the Marion County abstract of judgment in his appendix. The abstract of judgment is necessary for this court to consider Newson's claims because Newson can only raise claims that are evident on the face of the abstract of judgment. Notwithstanding Newson's failure to include the abstract of judgment, we will address his claims based on the sentencing statement included in the Chronological Case Summary ("CCS"). Newson argues that: (1) his offenses were part of a single episode of criminal conduct and, thus, his sentence violated Indiana Code Section 35-50-1-2; (2) the trial court erred by imposing consecutive sentences; (3) the sentencing statement was insufficient to support the sentence; and (4) the trial court relied on improper aggravators. Each of these contentions requires consideration of evidence that is not available on the face of the abstract of judgment or the CCS's entry regarding the sentencing. Thus, these arguments are improper in a motion to correct erroneous sentence. The trial court did not abuse its discretion when it denied Newson's motion to correct erroneous sentence.

**Conclusion**

The trial court properly denied Newson's motion to correct erroneous sentence. We affirm.

5

Affirmed.

CRONE, J., and PYLE, J., concur.