**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BENJAMIN LOHEIDE**
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| RYAN ALLEN KLUG, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No.  03A01-1406-CR-253 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1311-MR-6190

**December 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Ryan Allen Klug ("Klug") pled guilty but mentally ill to Murder, a felony,[1] and was sentenced to sixty years imprisonment. He now appeals, raising for our review only the question of whether the trial court abused its discretion in its determination of aggravating and mitigating factors upon entering a sentence.

We affirm.

**Facts and Procedural History**

We take our statement of facts from testimony and exhibits presented at Klug's guilty plea and sentencing hearings.

Klug had a history of psychiatric illness, including paranoid and delusional symptoms. On November 17, 2013, Klug was living in an apartment with his roommate, Adaobi Obih ("Obih"), in Columbus. That day, after hearing voices in his head telling him to kill Obih, Klug killed her, stabbing Obih twice and cutting her ten additional times on her face, neck, chest, and upper abdomen. After this, Klug fled, attempting to drive to Galveston, Texas.

Klug was charged with Murder on November 20, 2013. On January 20, 2014, Klug submitted his notice of intent to assert as a defense mental disease or defect. A psychiatric evaluation and a psychological evaluation of Klug were conducted; both evaluations

---

[1] Ind. Code § 35-42-1-1. In light of our legislature's revision of the classifications and sentences for offenses, all statutory citations refer to provisions in effect at the time of Klug's offense.

concluded that while Klug was mentally ill, he understood the wrongfulness of his conduct at the time of his offense and was competent to assist counsel in the conduct of his trial.

On April 1, 2014, Klug and the State agreed to Klug's entry of an open plea of guilty but mentally ill to the single charge of Murder. A sentencing hearing was conducted on May 22, 2014. At the conclusion of the hearing, the trial court entered a judgment of conviction and, upon sentencing, made both oral and written sentencing statements. In the written sentencing order, the court found as aggravating circumstances the gruesome nature of the attack and Klug's prior violent conduct toward others, which episodes had not resulted in prosecution but evidence of which was admitted as part of a stipulated-to joint exhibit at sentencing. In its oral sentencing statement, the trial court observed that Klug had been hospitalized for his psychiatric illnesses and been ordered by a court to continue taking prescribed medication, but had failed to do so. Thus, the court did not find that Klug's mental illness was "a substantial ground tending to excuse this crime." (Tr. at 112.) The court's written order further stated, "[t]he Court does not consider it a mitigating factor that the defendant suffers from a mental illness" based upon the trial court's oral sentencing statement at the hearing.

Finding the aggravating factors outweighed the mitigating factors, the court sentenced Klug to sixty years imprisonment.

This appeal ensued.

3

## Discussion and Decision

<u>Standard of Review</u>

On appeal, Klug challenges his sentence, contending specifically that the trial court abused its discretion when it did not consider his mental illness to be a mitigating factor at sentencing, and when it considered as an aggravating factor prior behavior of a criminal nature but which did not give rise to criminal prosecutions or convictions.

Our supreme court held in <u>Anglemyer v. State</u>:

[T]he imposition of sentence and the review of sentences on appeal should proceed as follows:

1. The trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence.

2. The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion.

3. The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse.

4. Appellate review of the merits of a sentence may be sought on the grounds outlined in Appellate Rule 7(B).

<u>Anglemyer v. State</u>, 868 N.E.2d 482, 491 (Ind. 2007), <u>clarified on reh'g,</u> 875 N.E.2d 218 (Ind. 2007).

We review sentencing decisions for an abuse of discretion. <u>Id.</u> at 490. While a trial court may abuse its discretion by issuing a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," a trial court can no longer "be said to have abused its discretion in failing to 'properly weigh' such factors." <u>Id.</u> (quoting <u>Jackson v. State</u>, 728 N.E.2d 147, 155 (Ind. 2000); <u>Morgan v. State</u>, 675

N.E.2d 1067, 1073-74 (Ind. 1996)).  Where the trial court has abused its discretion, we will not reverse a sentence if it is not inappropriate under Appellate Rule 7(B).  Felder v. State, 870 N.E.2d 554, 558 (Ind. Ct. App. 2007) (citing Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007)).

Mental Illness

Klug directs our attention to a line of cases preceding the Indiana Supreme Court's opinion in Anglemyer; in those cases, our supreme court reduced sentences "when the trial court failed to consider the defendant's mental illness as a mitigating factor."  (Appellant's Br. at 5.)

Yet Anglemyer was itself a case concerning, in part, the trial court's assessment and rejection of mental health as a potential mitigating factor at sentencing.  Anglemyer "robbed and battered" a pizza delivery driver while enrolled in a mental health program and receiving medication; Anglemyer, however, dropped out of the program.  Anglemyer, 868 N.E.2d at 493.  The trial court in Anglemyer acknowledged these, but ultimately rejected Anglemyer's mental health as a mitigating factor, observing that Anglemyer's victim "lost work because you chose not to work, not get the help from the Bowen Center."  Id.  On appellate review, our supreme court observed that "rather than overlooking Anglemyer's mental illness, the trial court determined it was not significant and thus would not be a factor influencing the trial court's sentencing decision.  This was the trial court's call.  We find no error."  Id.

5

Here, too, the trial court took significant notice and regard for Klug's mental health history, but found it to be of no event in the sentencing decision because Klug did not comply with his treatment program. Of particular note in this regard are the results of the psychological and psychiatric examinations, both of which concluded that Klug was able at the time to appreciate the wrongfulness of his actions.

Thus, as in <u>Anglemyer</u>, here the trial court considered and rejected a proffered mitigator. And as in <u>Anglemyer</u>, we find no abuse of discretion in this matter.

Criminal History

Klug also challenges the trial court's finding as an aggravating factor his prior criminal history. At sentencing, Klug proffered as a mitigating factor his lack of criminal history. The State argued that though Klug had not been convicted of prior criminal offenses, there was ample evidence in the stipulated Joint Exhibit that Klug had previously engaged in interpersonal violence on several occasions, and argued that this amounted to an aggravating factor. The trial court agreed with the State, and considered Klug's prior conduct to constitute prior criminal history as an aggravating factor. Klug contends that this was an abuse of discretion, as his prior conduct—including an attempt to strangle his brother that led to his hospitalization for mental health reasons and his assaults upon members of the hospital staff—was related to his mental illness.

We disagree that the trial court abused its discretion in concluding that Klug's prior violent conduct was an aggravating factor at sentencing. While Klug did not have prior convictions—and thus his prior conduct was perhaps not properly labelled criminal history

6

under our sentencing statutes[2]—the statutory provision of aggravating and mitigating factors is not exclusive to those itemized by the legislature. See I.C. 35-38-1-7.1(c) (providing that the statutory criteria listed as aggravating and mitigating factors "do not limit the matters that the court may consider in determining the sentence"). Klug was aware of his prior history of violent conduct, and declined to comply with medical orders, including the use of prescribed medication, that might have alleviated these conditions.

Even if the trial court had abused its discretion in its assessment of aggravating and mitigating factors, nevertheless, we cannot conclude that Klug's sentence was inappropriate under Appellate Rule 7(B). Having been convicted of Murder, a felony, Klug faced a sentencing range of forty-five to sixty-five years, with an advisory term of fifty-five years imprisonment. I.C. § 35-50-2-3(a). A highly educated individual (Klug was employed as an engineer by various State agencies during his career), Klug gruesomely murdered Obih, after which he fled Indiana to start a new life in Galveston, Texas. He declined to comply with psychiatric treatment despite his knowledge of his condition since 2002, even after a ninety-day period of hospitalization in 2011 and multiple violent incidents both prior to and during his hospitalization. Moreover, Klug had in the past been the subject of two protective orders. We cannot, under these circumstances, conclude that his sixty-year sentence was inappropriate in light of the nature of his offense and his character.

---

[2] Though Klug makes this contention, he does not cite supporting authority.

**Conclusion**

The trial court did not abuse its discretion in its determination of aggravating and mitigating factors, and Klug's sentence is not inappropriate.

Affirmed.

ROBB, J., and BROWN, J., concur.