## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2015, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Clifford M. Davenport
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John F. Philpott,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 15, 2015<br><br>Court of Appeals Case No.<br>48A02-1412-CR-884<br><br>Appeal from the Madison County<br>Circuit Court;<br>The Honorable Thomas Newman,<br>Jr., Judge;<br>48D03-9505-CF-161 |

**May, Judge.**

John F. Philpott appeals the denial of his motion to correct erroneous sentence. We affirm.

## Facts and Procedural History[1]

On July 6, 1996, Philpott was convicted of one count of Murder[2] and three counts of Class A felony attempted murder.[3] On September 23, the trial court sentenced Philpott to fifty years for each count of Class A felony attempted murder, to be served concurrent with one another but consecutive to a fifty-year sentence for murder. Philpott filed a direct appeal, and we affirmed.

Starting on November 17, 2004, and continuing until the motion to correct erroneous sentence now before us, Philpott has filed, *pro se*, three motions to correct erroneous sentence, a petition for post-conviction relief, a request to file a successive petition for post-conviction relief, and two petitions for modification of sentence. All were denied. He attempted to appeal two of

---

[1] Philpott tendered a brief with over thirty pages of facts and procedural history, detailing each step of Philpott's trial court process from the moment he was arrested in 1995. That hindered our review. We remind counsel of Indiana Appellate Rules 46(A)(5) and 46(A)(6), which state, in relevant part:

> (5) *Statement of Case*. This statement shall **briefly** describe the nature of the case, the course of the proceedings **relevant** to the issues presented for review, and the dispositions of these issues . . .

> (6) *Statement of Facts*. This statement shall describe the facts **relevant** to the issues presented for **review but need not repeat** what is in the statement of the case.

(Italics in original, bold added for emphasis).

[2] Ind. Code § 35-42-1-1 (1993).

[3] Ind. Code § 35-42-1-1 (1993) (murder); Ind. Code § 35-41-5-1 (1977) (attempt).

those decisions, but the appeals were dismissed because Philpott did not file an appellant's brief in one and a case summary in the other.

[4] On October 22, 2014, Philpott filed, *pro se*, his fourth motion to correct erroneous sentence. On November 24, the trial court conducted a hearing, during which Philpott and the trial court had this exchange:

> THE COURT: Okay. Have you asked the State Public Defender to represent you on this?
>
> DEFENDANT: No. I can ask one.
>
> THE COURT: You want to go ahead and present it on your own, Mr. Philpott?
>
> DEFENDANT: (indiscernible) . . . you know I kind of would rather have a public defender help me out.
>
> THE COURT: Okay.

(Tr. at 4-5.) The trial court then discussed the motion and concluded it would be best addressed as a successive petition for post-conviction relief. The trial court then stated, "So there fore [sic] it has to have [sic] a Post Conviction Relief. So I would. [sic] If I were you I would ask the State Public Defender to assist you on this, Mr. Philpott. Okay and try to get a subsequent Post Conviction Petition before the Appeals Court." (*Id*. at 8-9.) The trial court then denied Philpott's motion. In its order, the trial court appointed a public defender to "perfect timely appeal." (App. at 27.)

## Discussion and Decision

[5] Our standard of review is well-settled:

> [A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence.

*Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Claims that require consideration of the proceedings are best addressed on direct appeal or as part of a petition for post-conviction relief, if applicable. *Id*.

When reviewing a decision on a Motion to Correct Erroneous Sentence, we "defer to the trial court's factual findings and review such decision for an abuse of discretion." *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. The trial court's legal conclusions are reviewed *de novo*. *Id*.

[6] In his *pro se* motion to correct erroneous sentence, Philpott argued:

> The sentence is inappropriate in light of the nature of the offense and the character of the offender. The trial court erred by considering improper aggravating circumstances as a basis for both imposing consecutive sentences and enhancing the defendant's sentence. Also, the trial court did not explain why the aggravating circumstances warranted consecutive sentences as opposed to enhanced concurrent sentences. The trial court fell short of the requirement that it explain its reasons for selecting the sentence imposed.

(App. at 472.) Philpott's argument concerns information presented at his sentencing hearing, and thus requires consideration of the "proceedings before, during, or after trial," which is not permitted by way of a motion to correct

erroneous sentence. *See Robinson*, 805 N.E.2d at 787. Therefore, the trial court did not abuse its discretion when it denied Philpott's motion to correct erroneous sentence because he did not allege an error that was "clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id*. Accordingly, we affirm.[4]

Affirmed.

Crone, J., and Bradford, J., concur.

---

[4] Philpott also argues the trial court denied him his right to counsel under the Sixth Amendment of the United States Constitution because it did not appoint him counsel when he requested it during the hearing. However, prior to his conversation regarding possible counsel with the trial court, he argued his sentence should be corrected so that it was not consecutive, which, in addition to his argument regarding aggravating and mitigating circumstances in relation to his sentence, is also not a permissible argument by way of a motion to correct erroneous sentence. Therefore, the outcome would not have been different even if Philpott had been appointed counsel and any error the trial court committed in not appointing Philpott counsel was harmless. *See Dolezal v. Goode*, 433 N.E.2d 828, 835 (Ind. Ct. App. 1982) (trial court error was harmless because it did not affect the final outcome of the case).