## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 04 2015, 9:41 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Raphael Miles
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Raphael Miles,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 4, 2015

Court of Appeals Case No.
82A01-1505-CR-494

Appeal from the Vanderburgh Circuit Court

The Honorable David D. Kiely, Judge

Trial Court Cause No.
82C01-0004-CF-472

**Bradford, Judge.**

## Case Summary

[1]    In June of 2001, Appellant-Defendant Raphael Miles was convicted of two counts of Class B felony dealing in cocaine and one count of Class A misdemeanor dealing in marijuana. Miles was also determined to be a habitual offender. On June 27, 2001, the trial court sentenced Miles to an aggregate term of thirty-five years. The trial court awarded Miles credit for 261 days actual time served in confinement while awaiting sentencing as well as 261 days good time credit.

[2]    On April 16, 2015, Miles filed a petition for jail time credit, alleging that the trial court failed to award him the 261 days good time credit to which he was entitled. The trial court denied Miles's motion. Because the record indicates that Miles was awarded all of the requested credit time, we conclude that the trial court acted within its discretion in denying Miles's motion.

# Facts and Procedural History

[3]    In July of 1999, Appellee-Plaintiff the State of Indiana (the "State") charged Miles with two counts of Class B felony dealing in cocaine and one count of Class A misdemeanor dealing in marijuana. In February of 2001, the State filed an allegation that Miles was a habitual offender. Following a jury trial, Miles was found guilty of all three dealing charges. Miles subsequently admitted to being a habitual offender.

[4]    On June 27, 2001, the trial court sentenced Miles to an aggregate term of thirty-five years. The trial court awarded Miles credit for 261 days actual time served

in confinement while awaiting sentencing. The trial court also awarded Miles credit for an additional 261 days of good time credit.

On April 16, 2015, Miles filed a petition for jail time credit, alleging that the trial court had failed to award him the 261 days good time credit to which he was entitled. The trial court subsequently denied Miles's motion. This appeal follows.

# Discussion and Decision

On appeal, Miles contends that the trial court abused its discretion in denying his petition for an addition 261 days of jail credit time. We review the denial of Miles petition to correct an allegedly erroneous sentence for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). "An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id*.

In raising the contention that the trial court abused its discretion in denying his petition for jail time credit, Miles argues that the trial court's abstract of judgment does not clearly reflect whether he was awarded 261 days of good time credit to which he was entitled. Review of the entire record, however, clearly demonstrates that the trial court awarded Miles the full amount of credit that Miles sought in his petition for jail time credit. The record reflects that the trial court awarded Miles credit for both the 261 days actual time served in confinement prior to sentencing plus 261 days good time credit. Thus, because

Miles had already received the full amount of credit time sought in his petition for jail time credit, we cannot say that the trial court abused its discretion in denying Miles's petition.[1]

[8] The judgment of the trial court is affirmed.

May, J., and Crone, J., concur.

---

[1] Because we have elected to decide Miles's appeal on the merits, we deny the State's motion to dismiss in an order handed down simultaneously with this memorandum decision.