## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 10 2015, 10:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lennard Coleman, Sr
Michigan City, Indiana
Pro-Se

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lennard Coleman, Sr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 10, 2015 <br><br> Court of Appeals Case No. <br> 79A05-1506-CR-635 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Thomas H. Busch, Judge <br><br> Trial Court Cause No. <br> 79D02-0503-FB-18 |

**Altice, Judge.**

## Case Summary

[1] In 2005, Lennard Coleman, Sr., was sentenced to the maximum term of twenty years[1] for Class B felony Robbery While Armed with a Deadly Weapon,[2] and such sentence was enhanced by thirty years based upon his status as a Habitual Offender.[3] In this appeal, Coleman, pro se, challenges the trial court's denial of his motion to correct erroneous sentence.

[2] We affirm.

## Facts & Procedural History

[3] In 2005, Coleman was convicted of robbery while armed with a deadly weapon and found to be a habitual offender. Coleman appealed his conviction and sentence to this court, challenging his pretrial identification as improper and arguing that his sentence was inappropriate. *Appellant's Appendix* at 75-84. This court affirmed Coleman's conviction and sentence. *Id.* On April 22, 2015, Coleman filed a motion to correct erroneous sentence and the State filed its response thereto on April 30, 2015. The trial court entered an order denying

---

[1] Ind. Code § 35-50-2-5(a) ("A person who commits a Class B felony (for a crime committed before July 1, 2014) shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years.").

[2] Ind. Code § 35-42-5-1. Effective July 1, 2014, this offense was reclassified as a Level 3 felony. Because Coleman committed this offense prior to that date, it retains its prior classification as a Class B felony.

[3] I.C. § 35-50-2-8 ("The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.").

Coleman's motion to correct erroneous sentence on May 18, 2015. Coleman now appeals.

## Discussion & Decision

[4] When reviewing the denial of a motion to correct erroneous sentence, we will review the court's decision for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.* Further, we note that a motion to correct sentence may be used only to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Id.* Our Supreme Court has clarified that the narrow confines of this rule are to be strictly applied. *Id.*

[5] Coleman's challenges to the merits of his sentence are not alleged errors limited to the face of the sentencing judgment. Coleman challenges the aggravating and mitigating factors identified by the trial court, the weight accorded thereto, and the adequacy of the trial court's sentencing statement. Coleman also argues that there are additional mitigating factors that were supported by the record and that the trial court improperly ordered his thirty-year sentence for his status as a habitual offender to run consecutively to his twenty-year sentence for

robbery. All of Coleman's claims would require the court to go beyond the face of the sentencing judgment.

[6] To this end, we note that Coleman's sentence is not facially erroneous. Coleman was sentenced to twenty years for his Class B felony robbery conviction and the trial court ordered that such sentence "shall be enhanced by thirty years for defendant being a Habitual Offender." *Appellant's Appendix* at 2. At the time Coleman was sentenced, the maximum term for a Class B felony was twenty years, with an advisory sentence of ten years. *See* I.C. § 35-50-2-5(a). The habitual offender statute, I.C. § 35-50-2-8, provided for an enhancement of the underlying sentence of up to thirty years for being a habitual offender. Imposition of the maximum sentence does not make Coleman's sentence erroneous.

[7] Coleman also argues that he received ineffective assistance of appellate counsel in his direct appeal and that he was mentally ill and thus unable to knowingly and intelligently waive his right to a jury trial with respect to his habitual offender enhancement. These arguments are not properly brought before the court through a motion to correct erroneous sentence. We therefore affirm the trial court's denial of Coleman's motion to correct erroneous sentence.

[8] Judgment affirmed.

[9] Riley, J., and Brown, J., concur.