## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2018, 10:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Shane Brabson, *Appellant-Defendant,* | January 23, 2018 |
| v. | Court of Appeals Case No. 32A05-1707-CR-1678 |
| | Appeal from the Hendricks Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Mark A. Smith, Judge |
| | Trial Court Cause No. 32D04-1606-MR-1 |

**Kirsch, Judge.**

[1] Justin Shane Brabson ("Brabson") appeals his seventy-two-year sentence for the murder of his brother and his use of a firearm contending that it was inappropriate in light of the nature of the offense and his character.

[2] We affirm.

## Facts and Procedural History

[3] Brabson and his older brother, Christopher, lived together in an apartment in Brownsburg, Indiana. On June 9, 2016, Brabson shot his brother eleven times with a semi-automatic Beretta loaded with hollow point bullets. One shot struck Christopher's aorta. Other shots struck his fingers, forearm, elbow, and pelvic region. The fatal shot was execution-style to the back of Christopher's head, severing his brain stem.

[4] Police were called to the scene and discovered Christopher's body on the kitchen floor. They began to search and found Brabson's Toyota Camry abandoned on the side of the road. In the Camry, officers found a card that read, "Defensive Shooting Concepts," receipts for ammunition, and a fully-loaded magazine that was consistent with a magazine for a Beretta. In the trunk, they found a silhouette from a shooting range with ninety-one shots in it, focusing on the heart and head areas. Police found Brabson at a nearby motel where he had registered under a different name.

[5] A jury found Brabson guilty of murder, and Brabson stipulated to the firearm enhancement. The trial court sentenced Brabson to sixty-two years executed

for his murder conviction, which was enhanced by ten years by the use of a firearm for an aggregate sentence of seventy-two years. Brabson now appeals.

## Discussion and Decision

[6] A sentence authorized by statute can be revised on appeal where it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Our analysis is not to determine "whether another sentence is more appropriate"; rather, it is to determine "whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008*) (emphasis omitted).* Our analysis is not a matter of second guessing the trial court's sentence. Indeed, sentence review is very deferential to the trial court. *Felder v. State,* 870 N.E.2d 554, 559 (Ind. Ct. App. 2007). The burden is on the defendant to persuade the appellate court that his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006). Brabson has failed to do so.

[7] The nature of Brabson's offense warrants an enhanced sentence for a number of reasons:

> First, he shot and killed his brother without provocation.

> Second, he shot his brother eleven times, the last of which was execution-style to the back of his brother's head.

> Third, he used hollow point bullets which cause maximum injury.

Fourth, he practiced shooting by firing numerous shots into the head and heart of a cut-out human target on the day before he killed his brother.

Finally, he fled the murder scene, knowing that he had killed his brother.

[8] Similarly, Brabson's character supports the imposition of an enhanced sentence. Mental health experts testified that he was fully aware of his actions, did not exhibit any mental illness that would impair his culpability, and was apathetic about having killed his brother. At no point, did Brabson apologize for having killed his brother.

[9] Based on our review of the nature of Brabson's offense and his character, we conclude that his aggregate seventy-two-year sentence for the murder of his brother was not inappropriate.

[10] Affirmed.

[11] Bailey, J., and Pyle, J., concur.