## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2019, 9:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Wayne Williams
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wayne Williams,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 28, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1620<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Clarence D. Murray, Judge<br><br>Trial Court Cause No.<br>45G02-0104-CF-80 |

**Friedlander, Senior Judge.**

[1]     In this appeal, Wayne Williams contends that the trial court erred by denying his motion to correct erroneous sentence.  He further contends that the trial

court erred by failing to address his argument that the prosecuting attorney committed perjury in the allegations set forth in the charging information for his habitual offender enhancement. For reasons we more fully explain in this opinion, we affirm.

[2] We begin by briefly summarizing the procedural history of this case. On April 21, 2001, Williams was attending a barbecue held at the home of his wife's nephew, Carlos Green. An altercation ensued. Williams pulled out a gun and fired at Green's chest, a shot which resulted in a fatal wound. For those actions and his other actions at that party, Williams was charged by the State with Green's murder, attempted battery by means of a deadly weapon against Green's mother, and the State subsequently alleged him to be an habitual offender. After the conclusion of his jury trial, Williams was found guilty of voluntary manslaughter and criminal recklessness. He admitted to the habitual offender allegation. The trial court sentenced Williams to an aggregate sentence of seventy-seven years, and his conviction and sentence were affirmed on direct appeal. *See Williams v. State*, 45A04-0305-CR-242 (Ind. Ct. App. Nov. 26, 2003), *trans. denied*.

[3] Next, Williams sought post-conviction relief, alleging that he had received ineffective assistance of trial and appellate counsel and claiming prosecutorial and police misconduct. A panel of this court affirmed the post-conviction court's denial of relief, concluding in pertinent part that the police reports and other evidence needed to develop his contentions of prosecutorial and police misconduct as respects his habitual offender adjudication had been available

throughout his trial and appeal. We concluded that his claims had been waived. *See Williams v. State*, 45A03-0701-PC-8 (Ind. Ct. App. Nov. 14, 2007), *trans. denied*.

[4] Williams then sought permission from this Court to file a Petition for Successive Post-Conviction Relief. That request was denied by this Court by an order issued on November 9, 2018. *See* Docket of Cause No. 18A-SP-2377.

[5] Williams filed a motion to correct erroneous sentence which was denied by the trial court. Williams brings this appeal contending that the trial court erred by denying his claims. We pause to note that this appears to be an inappropriate attempt to circumvent the rules by seeking successive post-conviction relief when permission for such has not been granted by this Court.

[6] Indiana Post-Conviction Rule 1, Section 12 (2015) provides as follows:

> (a) A petitioner may request a second, or successive, Petition for Post-Conviction Relief by completing a properly and legibly completed Successive Post-Conviction Relief Rule 1 Petition Form in substantial compliance with the form appended to this Rule. Both the Successive Post-Conviction Relief Rule 1 Petition Form and the proposed successive petition for post-conviction relief shall be sent to the Clerk of the Indiana Supreme Court, Indiana Court of Appeals, and Tax Court.

> (b) The court will authorize the filing of the petition if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief. In making this determination, the court may consider applicable law, the petition, and materials from the petitioner's prior appellate and post-conviction

proceedings including the record, briefs and court decisions, and any other material the court deems relevant.

[7] Williams had the opportunity to challenge the correctness of the allegations in the habitual offender enhancement but instead chose to admit his status after his conviction by jury trial. He pleaded guilty to his status as an habitual offender, and his subsequent attempts to revive these claims have already been deemed waived prior to the current appeal. As such, his claims have been decided against him on appellate review. "Res judicata, whether in the form of claim preclusion or issue preclusion (also called collateral estoppel), aims to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). Williams' appeal could be subject to dismissal for failure to abide by the procedure for successive petitions for post-conviction relief. *See Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008) (petitioner must follow procedure outlined in P-C.R. 1 (12) for filing successive petitions or face possible dismissal of claims).

[8] Nevertheless, because the trial court denied his claims without dismissing them, we address Williams' allegations in his motion to correct erroneous sentence.

[9] Indiana Code section 35-38-1-15 (1983) provides as follows about such motions:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must

be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[10] Our Supreme Court, in *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004), held that the purpose of the statute is to "provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." On review of a trial court's denial of such a motion, we defer to the trial court's factual findings and review them for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). We will find an abuse of discretion only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. The trial court's legal conclusions, on the other hand, are reviewed de novo. *Id*.

[11] The Supreme Court opinion in *Robinson* further informs us that a motion to correct an erroneous sentence may only be used to correct sentencing errors that are clear on the face of the "judgment imposing sentence." 805 N.E.2d at 787. Any claims requiring consideration of the proceedings before, during, or after the trial may not be presented by way of a motion to correct erroneous sentence. *Id.*

[12] Here, Williams was convicted of voluntary manslaughter, for which he received a sentence of forty-five years, enhanced by thirty years due to his habitual offender admission and adjudication. He was sentenced to two years executed for his conviction of criminal recklessness to be served consecutively to his enhanced sentence for voluntary manslaughter. The sentences imposed were within the sentencing ranges for those offenses. *See* Ind. Code § 35-42-1-3

(1997) (voluntary manslaughter); Ind. Code § 35-50-2-4 (1995) (fixed term of 30 years with not more than 20 years added for aggravating circumstances nor more than ten years subtracted for mitigating circumstances); Ind. Code § 35-50-2-8 (2001) (additional fixed term of no more than thirty years for habitual offender adjudication); Ind. Code § 35-42-2-2 (1996) (criminal recklessness); Ind. Code § 35-50-2-7 (1999) (fixed term for a Class D felony of one and a half years with no more than one and a half years added for aggravating circumstances); Ind. Code § 35-50-1-2 (1997) (considerations for consecutive sentencing).

[13] Williams' claims could be dismissed outright for failure to comply with the rules for seeking successive post-conviction relief. Nonetheless, Williams pleaded guilty to the habitual offender adjudication. There is nothing apparent from the face of Williams' sentence that would establish the trial court abused its discretion by denying his motion to correct erroneous sentence. Further, his claims of police and prosecutorial misconduct with respect to his habitual offender allegation are foreclosed by res judicata.

[14] Judgment affirmed.

Mathias, J., and Crone, J., concur.